NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3271
_____

UNITED STATES OF AMERICA

v.

IBN MUHAMMAD,
                        Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. 1-12-cr-00789-001)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 8, 2014

Before:  FISHER, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: September 24, 2014)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Defendant Ibn Muhammad pleaded guilty in the United States District Court for

the District of New Jersey to a two-count information for his role in organizing an illegal

check-cashing scheme.  He was sentenced to 135 months' imprisonment followed by five

years of supervised release.  Muhammad appealed, and defense counsel moved to

withdraw her representation under *Anders v. California*, 386 U.S. 738 (1967). We will affirm the District Court's judgment and grant defense counsel's motion to withdraw.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

On December 3, 2013, Defendant Ibn Muhammad pleaded guilty to his role in a fraudulent check-cashing scheme. Muhammad and his codefendant forged and altered stolen checks, recruited over twenty individuals to cash the checks at various banks, and pocketed the proceeds. Over the course of sixteen months, this scheme caused approximately $750,000 in losses to the victims. Muhammad was charged with and pleaded guilty to a two-count information for bank fraud, in violation of 18 U.S.C. § 1344, and theft of mail, in violation of 18 U.S.C. § 1708.

As part of the plea agreement, Muhammad and the Government entered into a mutual appeal waiver. Muhammad waived the right to file an appeal challenging the sentence imposed if it fell within or below the advisory Guidelines sentencing range of 84 to 105 months' imprisonment, based on the parties' calculation of Muhammad's offense level and criminal history score. The Government waived its rights to appeal if the sentence fell above or within that same range.

At sentencing, the Probation Office assigned Muhammad a four-level enhancement for being an organizer or leader of criminal activity that involved five or more participants pursuant to U.S.S.G. § 3B1.1(a). It also recommended that Muhammad be denied a three-level reduction for acceptance of responsibility for violating the conditions of his bail.[1] Both parties objected to the aggravating role enhancement as inconsistent with the terms of the plea agreement; however, they both conceded that the enhancement was supported by the facts.

Despite the parties' objections, the District Court determined that the aggravating role enhancement was applicable based on the undisputed facts. It did not find, however, that Muhammad's conduct while on bail negated the fact that he accepted full responsibility for the offense. Accordingly, the District Court calculated the Guidelines sentencing range to be 120 to 150 months' imprisonment. On July 15, 2013, it sentenced Muhammad to 135 months of incarceration followed by a five-year term of supervised release.

Muhammad timely filed a pro se notice of appeal.[2] Soon after, Muhammad's defense counsel determined that the appeal was frivolous and requested permission to withdraw under *Anders*. After defense counsel submitted her *Anders* brief, Muhammad

---

[1] Pending sentencing, Muhammad's bail was revoked after a properly-executed search of his home yielded items in violation of bail conditions.
[2] Because the sentence fell above the stipulated range, Muhammad's appellate waiver was not triggered and does not bar his appeal.

3

filed a pro se "Response in Opposition," raising three claims and requesting the appointment of new counsel.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and this Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

In *Anders*, the Supreme Court held that if, after a "conscientious examination" of the case, court-appointed defense counsel finds an appeal to be "wholly frivolous," then she "should so advise the appellate court and request permission to withdraw." 386 U.S. at 744. Defense counsel must also submit an accompanying brief "referring to anything in the record that might arguably support the appeal." *Id.*

When defense counsel submits an *Anders* brief, this Court's duty is twofold: we must determine (1) whether defense counsel's brief "adequately fulfilled" the *Anders* requirements as reflected in Third Circuit Local Appellate Rule 109.2(a), and (2) whether an independent review of the record presents any non-frivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). We consider each inquiry in turn.

III.

A.

First, we must determine whether defense counsel's brief "adequately fulfilled" the *Anders* requirements. Pursuant to Local Appellate Rule 109.2(a), defense counsel must (1) "thoroughly examine[] the record in search of appealable issues" and (2)

4

"explain why [those] issues are frivolous." *Id.*; *see also United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000). "Counsel need not raise and reject every possible claim," but she must satisfy *Anders* by showing a "conscientious examination" of the record. *Youla*, 241 F.3d at 300 (internal quotation marks omitted).

Here, after a thorough examination of the record, Muhammad's defense counsel filed a motion to withdraw and submitted an adequate *Anders* brief. The brief identified three claims that Muhammad could arguably raise on appeal following a guilty plea, *see United States v. Broce*, 488 U.S. 563, 569 (1989), including (a) the jurisdiction of the District Court, (b) the validity of Muhammad's guilty plea, and (c) the legality and reasonableness of the sentence imposed. After identifying the appealable issues, defense counsel also satisfactorily explained—with citations to the record and applicable legal authority—why an appeal on the basis of those issues was wholly frivolous. She explained that (a) there is no dispute with regard to the District Court's jurisdiction; (b) the plea colloquy fully complied with Rule 11 of the Federal Rules of Criminal Procedure; and (c) the sentence complied with Rule 32 of the Federal Rules of Criminal Procedure and was both legal and reasonable.

Because defense counsel fulfilled Local Appellate Rule 109.2(a)'s requirements, we accept her *Anders* brief as adequate on this basis.

B.

Having satisfied the first prong, our next inquiry requires an "independent review" of the record to determine whether Muhammad's appeal presents any non-frivolous issues for review. *Youla*, 241 F.3d at 300. Where defense counsel's *Anders* brief appears adequate on its face, we scrutinize only the issues and portions of the record identified by the *Anders* brief itself. *Id.* at 301. Where the *Anders* brief is inadequate, which is not the case here, we may also examine the issues and portions of the record identified by the pro se opposition brief. *Id.* "An appeal on a matter of law is frivolous where [none] of the legal points [are] arguable on their merits." *Id.* (internal quotation marks omitted).

We agree with defense counsel that the three appealable issues identified in her *Anders* brief lack any non-frivolous basis. First, we find the District Court properly exercised jurisdiction under 18 U.S.C. § 3231, making any jurisdictional argument meritless. Second, after a review of the District Court's colloquy, we agree that the District Court fully complied with the plea requirements outlined in Rule 11. The District Court established that Muhammad fully understood his options and the consequences of waiving his constitutional rights, and there was no question regarding his competence. We conclude that Muhammad's decision to plead guilty was knowing and voluntary. *See United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006) (explaining that Rule 11 embodies the constitutional requirement that a guilty plea be knowing and voluntary). Thus, an appeal based on the plea's invalidity has no merit.

6

Finally, we agree with defense counsel that the District Court fully complied with Rule 32 and that the sentence was both procedurally and substantively reasonable. Procedurally, the District Court must follow the three-step process outlined in *United States v. Gunter*, which directs courts to (1) correctly calculate the advisory Guidelines sentencing range, (2) rule on any departure motions, and (3) evaluate the 18 U.S.C. § 3553(a) factors and explain the chosen sentence. 462 F.3d 237, 247 (3d Cir. 2006). Substantively, we will uphold a sentence as reasonable if "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Schweitzer*, 454 F.3d at 204 (internal quotation marks omitted). Our standard of review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, pursuant to *Gunter*, the District Court (1) correctly calculated the Guidelines sentencing range to be 120 to 150 months' imprisonment; (2) properly ruled on departure motions and, pursuant to undisputed facts, applied the four-level enhancement for Muhammad's leadership and organization role in the check-cashing scheme; and (3) evaluated all the § 3553(a) factors and determined that, despite Muhammad's life-long drug addiction and difficult childhood, his significant criminal history warranted a sentence of 135 months' imprisonment. It is arguably reasonable that the sentence fell exactly in the middle of the advisory Guidelines sentencing range, *see, e.g.*, *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) ("A sentence that falls within the recommended Guidelines range . . . is less likely to be unreasonable than a sentence

7

outside the range." (citations omitted)), and well below the statutory maximum of 420 months' imprisonment. We are likewise satisfied that the District Court rationally considered and applied the § 3553(a) factors to the facts of this case to arrive at its sentence. The District Court carefully weighed Muhammad's mitigation arguments, and it did not abuse its discretion by declining to give those arguments more weight than the other aggravating factors. Thus, an appeal on the basis of sentencing lacks merit.

Moreover, assuming *arguendo* that defense counsel filed a deficient brief and that Muhammad's pro se opposition brief was apposite to our inquiry, *see Youla*, 241 F.3d at 301, we also conclude that the claims identified by Muhammad's brief fail to raise any non-frivolous issue.

Muhammad raises three issues, each of which is frivolous. First, Muhammad alleges that the District Court erred by applying the four-level enhancement under U.S.S.G. § 3B1.1(a) based on his leadership or organizing role because he was not *charged* with that role. However, facts pertaining to advisory Guidelines enhancements are not elements of a crime implicating constitutional rights, *United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007) (en banc), and thus they need not be alleged in the indictment or information. Second, the District Court did not err by applying the role enhancement, as Muhammad claims, because it was "in no way bound by the parties' sentencing recommendations." *Schweitzer*, 454 F.3d at 204. Muhammad was fully advised of this point at the plea hearing. Third, the Government did not breach the plea

agreement by allegedly supporting the role enhancement because the Government, in actuality, urged the District Court *not* to apply the enhancement. Because none of Muhammad's legal points are arguable on the merits, his appeal is wholly frivolous.

Finally, because Muhammad's appeal is wholly frivolous, Muhammad cannot show that his defense counsel failed to advance a non-frivolous claim, as is required for the appointment of new counsel. *See United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009) ("[I]f a panel concludes that an appeal lacks arguable merit (i.e., is frivolous), then [Local Appellate Rule 109.2] do[es] not require appointment of new counsel."). Therefore, we will also deny Muhammad's request for new counsel.

## IV.

For the foregoing reasons, we conclude that Muhammad's defense counsel satisfied her obligations under *Anders* and, based on our independent review, that Muhammad's appeal is wholly frivolous. We will grant defense counsel's request to withdraw and affirm the judgment of the District Court.